## LEVIN-EPSTEIN & ASSOCIATES,

60 East 42nd Street • Suite 4700 • New York, New York
T: 212.792-0048 • E: Jason@levinepstein.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/14/22
```

**MEMO ENDORSED**

*Via Electronic Filing*
The Honorable Barbara Moses, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

Re:   *Gannon v. Hoon On Co., Inc. et al*
        Case No.: 22-cv-01657

Dear Honorable Magistrate Judge Moses:

This law firm represents Defendants Hoon On Co., Inc. and Three Guys Deli & Grocery Inc. (together, the "Defendants") in the above-referenced matter.

Pursuant to Your Honor's Individual Motion Practice Rules 2(a) and § 6 of Your Honor's July 12, 2022 Settlement Conference Scheduling Order [Dckt. No. 27] (the "Settlement Conference Order"), this letter respectfully serves as a request to compel Plaintiff Stephen Gannon (the "Plaintiff") to comply with this Court's clear directives in: (i) § 4(b) of the April 29, 2022 Civil Case Management Plan and Scheduling Order [Dckt. No. 17] (the "Case Management Plan"); and (ii) § 2 of Your Honor's July 12, 2022 Settlement Conference Scheduling Order [Dckt. No. 27] (the "Settlement Conference Order").

By way of background, § 4(b) of the Case Management Plan directs Plaintiff to exchange "[a] settlement demand, *with an accompanying breakdown of damages*." [*See* Dckt. No. 17 at § 4(b) (emphasis added)].

§ 2 of the Settlement Conference Order directs Plaintiff to "conduct at least one *good-faith settlement discussion*…and…convey…at least one *good-faith settlement demand*…[] in advance of [September 1, 2022]." [Dckt. No. 27 at § 2] (emphasis added). The first page of the Settlement Conference Order contains the following directive, in bold capital letters:

> **THE PARTIES ARE DIRECTED TO READ THIS ENTIRE ORDER CAREFULLY. FAILURE TO COMPLY WITH PRE-CONFERENCE RESPONSIBILITIES MAY RESULT IN SANCTIONS.**

[*Id* at p. 1] (emphasis in original).

The basis of this request is that Plaintiff has *still* failed to provide an "accompanying breakdown of damages" with his settlement demand, in violation of clear Court directives.

**I.    This Court's September 1, 2022 Order to Show Cause**

On September 1, 2022, this Court ordered Plaintiff's counsel Adam Douglas Ford ("Attorney Ford") to "SHOW CAUSE in writing, no later than September 8, 2022, why he should not be sanctioned pursuant to Rule 16(f)(1)(C) and/or the Courts inherent authority for failing to comply with the Order Scheduling Settlement Conference issued on July 12, 2022." [Dckt. No. 30] (emphasis in original).

On September 8, 2022 at approximately 11:44 p.m. (*i.e.,* at the proverbial eleventh hour), Attorney Ford filed a two (2) page letter, representing[1] to the Court that he complied with the Court's directives in communicating a settlement demand that "fairly compensate[s] [him] for his time on the matter[.]"

Attorney Ford's settlement demand, communicated that same day, consisted of a monetary sum reflecting Plaintiff's purported: (i) compensatory damages; (ii) statutory damages; and (iii) reasonable attorneys' fees, expert fees, costs and expenses.

## II.     Plaintiff Must Provide a Breakdown for Each Category of Damages Sought

As of the date of this letter, Attorney Ford has still not provided "***a[] [good faith] accompanying breakdown of damages***" as required by § 4(b) of the Case Management Plan and § 2 of the Settlement Conference Order.

Plaintiff's current, unsupported settlement demand does not comport with controlling law on fee assessment requirements.

The Supreme Court in *Hensley* instructs a district court to assess the reasonableness of a fee request by referring to twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3.10 (1983)).

---

[1] Attorney Ford's attribution of "short-term memory loss" for failing to comply with this Court's directives also bears scrutiny. As noted in Defendants' May 23, 2022 pre-motion conference letter [Dckt. No. 19], Attorney Ford has filed 26 other ADA lawsuits in this District. [*See* Dckt. No. 19-1]. Attorney Ford's activity in these cases contradicts his representations that "short-term memory loss" prevented him from complying with simple Court directives. [*See e.g., Gannon v. 124 East 40th Street LLC* [Case No. 1:22-cv-00361-LGS] at Dckt. Nos. 47, 50; *Gannon v. 162 East Broadway LLC et al* [Case No. 1:22-cv-00699-LGS-RWL] at Dckt. Nos. 28, 30-32, 34; *Gannon v. 115 Les Realty LLC et al* [Case No. 1:22-cv-00700-PGG-RWL] at Dckt. No. 22; *Gannon v. 37 Essex Street Corp. et al* [Case No. 1:22-cv-00771-LJL] at Dckt. No. 15; *Gannon v. 521 Eighth Avenue LLC et al* [Case No. 1:22-cv-00880-GHW] at Dckt. Nos. 20, 22-23, 25; *Gannon v. 23 Essex Realty Corp. et al* [Case No. 1:22-cv-00934-ER] at Dckt. Nos. 17, 20, 23; *Gannon v. Great World Enterprises Inc. et al* [Case No. 1:22-cv-01032-PAE-SN] at Dckt. No. 23; *Gannon v. 31 Essex Street LLC et al* [Case No. 1:22-cv-01134-ER] at Dckt. No. 32; *Gannon v. 486 Ninth Avenue LLC et al* [Case No. 1:22-cv-01145-PAE-SDA] at Dckt. No. 19; *Gannon v. 327 Grand Street Realty Corp. et al* [Case No. 1:22-cv-01217-VEC] at Dckt. Nos. 13-14, 17; *Gannon v. 55 Canal LLC et al* [Case No. 1:22-cv-01603-ALC] at Dckt. No. 24; *Gannon v. 78 Orchard Street LLC et al* [Case No. 1:22-cv-01643-VSB] at Dckt. Nos. 27-28; *Gannon v. Hua Da Inc et al* [Case No. 1:22-cv-01650-JMF] at Dckt. No. 24; *Gannon v. Chun Chu Realty Inc. et al* [Case No. 1:22-cv-01659-CM] at Dckt. No. 14; *Gannon v. JBJ Holdings LLC et al* [Case No. 1:22-cv-01674-LJL] at Dckt. Nos. 19, 21-23, 24; *Gannon v. 75 & 81 Orchard Associates LLC et al* [Case No. 1:22-cv-01678-KPF] at Dckt. Nos. 17, 20, 27; *Gannon v. 259 Broome LLC et al* [Case No. 1:22-cv-01684-MKV] at Dckt. Nos. 9-10; *Gannon v. Rama & Manjula, LLC et al* [Case No. 1:22-cv-01760-JGK] at Dckt. Nos. 18-19.

It is well-established that the "reasonableness of attorneys' fees is always subject to court scrutiny." *Bizar & Martin v. U.S. Ice Cream Corp.*, 228 A.D.2d 588 (2d Cir. 1996). Courts take issue with attorneys' fees award that are based on excessive and unnecessary hours, that are supported by vague billing entries. *See Rutledge v. Haru Inc.,* 2021 WL 4429328, at *4 (S.D.N.Y. 2021). Attorneys' fees should be supported by contemporaneous time records, which "should specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id*.

Such factors aim to award fees "which are adequate to attract competent counsel, but which do not produce windfalls to attorneys." *Hensley*, 461 U.S. at 433 n.4.

Defendants respectfully request that any monetary demand be supported by:

a. Plaintiff's engagement agreement with Plaintiff's counsel, evidencing the agreed-upon billable hourly rate;

b. Contemporaneous time records, which should specify the date, the hours expended, and the nature of the work done; or

c. Any documents, including agreements and bills by and between Plaintiff and any third-parties, related to any alleged "expenses and costs" being claimed.

District Courts in the Second Circuit have raised similar concerns with the credibility of attorneys' fees sought by ADA-plaintiff's counsel. *See Rutledge,* 2021 WL 4429328 at *4 (reducing fee application to $3,092.25) ("the Court finds that the amount of time billed for some entries strains credibility. In one instance, Plaintiff's counsel billed one hour to draft an eight-sentence letter to the Court. Dckt. No. 22 at 39 (referencing Dckt. No. 19)").

### III. Conclusion

The "potential for abuse of the ADA [has been] noted in numerous cases in districts throughout the country." *Access 4 All, Inc. v. Thirty E. 30th St., LLC*, 2006 U.S. Dist. LEXIS 96742 at *34-35 (S.D.N.Y. 2006). (citing *Doran v. Del Taco, Inc*., 2006 U.S. Dist. LEXIS 53551, at *15-16 (C.D. Cal. 2006)). (Recognizing "the ability to profit from ADA litigation," and rather than "informing the business of the violations and attempting to remedy them, lawsuits are filed, as pre-suit settlements…do not vest plaintiff's counsel with an entitlement to attorney's fees under the ADA.")

The instant application is not made lightly. Defendants do not wish to engage in unnecessary motion practice. Defendants simply ask that Plaintiff – and Attorney Ford – comply with this Court's clear directives in § 4(b) of the Case Management Plan and § 2 of the Settlement Conference Order, and provide Defendants with "***a[] [good faith] accompanying breakdown of damages***[.]" (emphasis added).

Thank you, in advance, for your time and attention to this matter.

          Respectfully submitted,

          LEVIN-EPSTEIN & ASSOCIATES, P.C.

          By: */s/ Jason Mizrahi*
              Jason Mizrahi, Esq.
              60 East 42nd Street, Suite 4700
              New York, New York 10165
              Tel. No.:  (212) 792-0048
              Email: Jason@levinepstein.com
              *Attorneys for Defendants*

VIA ECF: All Counsel

---

Application DENIED. Neither the Case Management Plan nor the Order Scheduling Settlement Conference required plaintiff to meet the exacting standards applicable to a litigated attorneys' fee application. That said, plaintiff is advised that producing the requested fee-related documents, for settlement purposes only, would be conducive to a successful settlement conference. The parties are reminded to contact Chambers to reschedule the settlement conference. SO ORDERED.

_____
Barbara Moses
United States Magistrate Judge
September 14, 2022

4